By the Court.—Sedgwick, Ch. J.
The facts stated in the case of O’Rourke v. Brown, decided at this term, appeared in this action. It further appeared here, tha.t after the lease had been assigned to The Henry P. Cooper & Company, they sub-let to The Nippon Mercantile Company, rooms in the building reserving rent. *390 After the sale under execution to the plaintiff The Nippon Mercantile Company failed to pay rent and The Henry P. Cooper & Company began dispossessory proceedings under the statute. The justice ordered that a warrant of dispossession, issue. Before it was issued, the proceedings under the warrant were stayed by order of injunction pendente lite, made in this action.
The plaintiff in this action asked and obtained a judgment permanently enjoining the appellant from proceeding under the warrant. No other relief was asked against The Henry P. Cooper & Company. It was not asked that the plaintiff be put in possession of the prem-* ises or that the plaintiff be adjudged entitled to the term assigned to The Henry P. Cooper & Company or to the sub-lease made by the latter to the Nippon Mercantile Company. No legal action had been brought to determine the rights of the parties or to eject The' Henry P. Cooper & Company who were in possession of the term, adversely to the plaintiff, and claiming under the assignment that has been mentioned.
In O’Rourke v. Brown, it has been held by this General Term that the plaintiff was not entitled to recover rent from a sub-tenant, because he did not hold the relation of landlord to the sub-tenants. The grounds of that decision when applied to this case, call for a reversal of this judgment, for as long as The Henry P. Cooper & Company remained in possession of the lease or of the term, under a transfer of the title to them, they were entitled to exercise all the rights that flow from a legal .possession. There is no difference in principle between the term for years and an estate in fee. As they had such rights, the plaintiff could not interfere with their exercise by injunction.
Judgment reversed and new trial ordered with costs to abide the event.
Freedman and O’Gorman, JJ., concurred.